IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DENNIS PERKINS, #1776063, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | 3:12-CV-5086-N-BK |
| § | | |
| RICK THALER, Director, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the habeas petition be summarily dismissed as barred by the one-year statute of limitations.

**I. BACKGROUND AND PROCEDURAL HISTORY**

In May 2004, Petitioner pled guilty to possession of child pornography and was placed on ten years' deferred adjudication community supervision, also known as deferred adjudication probation. *State v. Perkins*, No. F03-21987 (Criminal District Court No. 3, Dallas County Nov. 12, 2004). On March 27, 2007, the trial court revoked the probation, adjudicated Petitioner guilty, and sentenced him to four years' imprisonment. *Id.* Petitioner did not appeal, and the Texas Court of Criminal Appeals subsequently rejected his state habeas applications. *See Ex parte Perkins*, No. WR-69,722-01 (Tex. Crim. App. Apr. 23, 2008) (denying state habeas relief); *Ex parte Perkins*, No. WR-69-722-03 (Tex. Crim. App. Oct. 3, 2012) (dismissing as successive); *Ex parte Perkins*, No. WR-69-722-05 (Tex. Crim. App. Jan. 16, 2013) (dismissing for noncompliance).[1] On November 23, 2012, Petitioner filed this federal petition, alleging (1) the

---

[1] All dates listed above were verified through information available on the various state court's Internet web pages (Dallas County and Texas Court of Criminal Appeals (TCCA)) and

individuals depicted in the alleged pornographic images he was convicted of possessing were, in fact, adults, and (2) trial counsel rendered ineffective assistance at sentencing and in counsel's handling of a detective Petitioner claims lied. (Doc. 1 at 7-8).[2]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). At the Court's request, Petitioner has responded regarding the limitations and equitable tolling issues apparent in this case. (Doc. 13).

<u>Deferred Adjudication Became Final and Statutory Tolling</u>

Because the federal claims appear to relate to Petitioner's initial guilty plea and placement on deferred adjudication probation, the Court calculates the one-year statute of limitations from the date the deferred-adjudication order became final under 28 U.S.C. § 2244(d)(1)(A). *See Caldwell v. Dretke*, 429 F.3d 521, 526-29 (5th Cir. 2005) (state court order of deferred adjudication community supervision is a final judgment that triggers the federal habeas limitations period under section 2244(d)(1)(A)). "Under Texas law, a defendant must file a notice of appeal 'within 30 days after the day sentence is imposed or suspended in open court.'"

---

the electronic state habeas court record available through the TCCA.

[2] Although in March 2012, Petitioner was convicted of failing to register as a sex offender and sentenced to two years' imprisonment, *see State v. Perkins*, No. F10-25419 (Criminal District Court No. 1, Mar. 5, 2012), he does not challenge that conviction in this case.

*Id.* at 530 (quoting TEX. R. APP. P. 26.2(a)(1)).[3]

Here, the deferred-adjudication judgment became final on December 12, 2004, thirty days after Petitioner pled guilty and the state court deferred adjudicating his guilt and placed him on a ten-year term of community supervision. The one-year period, thus, began to run on December 13, 2004, and expired one year later on December 12, 2005. Because Petitioner did not file his first state application until January 9, 2008, – more than two years after the one-year period expired – he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application filed after one-year period expired does not statutorily toll limitations period).[4] Therefore, the federal petition, deemed filed as of November 20, 2012, is clearly outside the one-year statute of limitations.[5]

Even assuming the federal claims were related to the March 2007 probation revocation, the federal petition would still be untimely. Petitioner did not appeal following the revocation of his community supervision, adjudication of guilt, and sentencing. His conviction, thus, became final on April 26, 2007, thirty days after the judgment was entered. *See* Tex. R. App. P. 26.2(a)(1); *see also Scott*, 227 F.3d at 262. As of the filing of his first state application on

---

[3] *See also Tharpe v. Thaler*, 628 F.3d 719, 722-25 (5th Cir. 2010) (reaffirming *Caldwell*'s holding and reconciling it with *Burton v. Stewart*, 549 U.S. 147 (2007)), *cert. denied*, ___ U.S. ___, 131 S. Ct. 2934 (2011).

[4] The state application is deemed filed on January 9, 2008, the date on which Petitioner signed it and most probably handed it to prison officials for mailing. *See Richards v. Thaler*, ___ F.3d ___, 2013 WL 809246 *4 (5th Cir. Mar. 5, 2013) (holding prison mailbox rule applies to state habeas application).

[5] In light of Petitioner's *pro se* status and the "mailbox rule," *see* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system), the Court deems the federal petition filed on November 20, 2012, when Petitioner signed the same. ( Doc. 1).

January 9, 2008, 257 days of the one-year limitations period had elapsed. The state application remained pending until April 23, 2008, during which time the one-year period was tolled. *See* 28 U.S.C. § 2244(d)(2). The one year-period resumed running on April 24, 2008, and expired 108 days later on Sunday August 10, 2008, which was extended to Monday August 11, 2008. *See* FED. R. CIV. P. 6(a)  Therefore, the federal petition, deemed filed as of November 20, 2012, is clearly untimely absent equitable tolling.

      Equitable Tolling

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases). Having squandered the entire one year period, Petitioner clearly failed to act with due diligence. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity"). It is unsurprising that Petitioner took no action to raise claims related to his underlying guilty plea prior to the revocation of his community supervision. By any standard, he had obtained a very favorable

disposition of the child pornography charge, in avoiding a prison term despite the offense charged. Nevertheless, his lack of due diligence did not end with the filing of his first state habeas application. In fact, Petitioner waited over four years following the denial of the first application to submit the subsequent state applications and then this federal petition.

In addition, Petitioner's pleadings do not explain the reason for the lengthy delays in his case. (Doc. 13 at 1-2). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Furthermore, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d).

SIGNED April 4, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE